APPEARANCES:
 FOR THE STATE:
 Ms. Patricia Pac Assistant Attorney General 55 Elm Street Hartford, CT 06106-1774
 Meryl Sylvester Court Reporter
MS. PAC: Number 157. This is the one in which he signed an acknowledgment and all we have is the copy.
THE COURT: All right.
MS. PAC: He telephoned my office on December 7th or 8th stating that he had forgotten about his court date. So I telephoned him on December 9, CT Page 16933-m 1999, and left a message on his answering machine telling him that the case had been continued to today's date.
THE COURT: All right. Then he doesn't appear here today, regardless.
MS. PAC: Right.
THE COURT: This is a matter back on November 16th, this Court found service. And it's my understanding, Miss Pac, that it's the Attorney General's office policy not to provide certified copies of the acknowledgment, correct?
MS. PAC: That's correct, your Honor, because I believe the way the legislature passed the statute, it does not require, even, that a copy be attached to the support petition.
THE COURT: All right.
MS. PAC: The mere fact that he signed the acknowledgment at the hospital, and was forwarded to the Department of Public Health, it becomes a judgement.
THE COURT: All right. Let's have the record be clear because I did spend some time on this. I take it, your offer of proof is going to be — the Court will acknowledge that the State is paying money for support for the benefit of the child.
The mother here, Miss Cintron, is on state assistance, and you'd be seeking an order based on the state payout since he doesn't appear, correct?
MS. PAC: That's correct, or based on the ability because we do have, at least, a past employer. He may still be at that particular employment.
THE COURT: Just so the record is clear, the only evidence you would present is based on his past ability or the state payout which is approximately $102.00, I would guess?
MS. PAC: That's correct.
THE COURT: And you're just seeking the Court to set an order based on that?
MS. PAC: Yes. CT Page 16933-n
THE COURT: All right. Well, so the record is clear. Back on November 16th, I found service and defaulted Mr. Valentin for failure to appear. I directed on that date that the State get a certified copy of the acknowledgment of paternity.
I continued the matter until December 7th. On December 7th — it was late in the day, and this was an issue that the Attorney General and the Court had spoken about on many occasions, that's when Miss Pac informed the Court that it was the office's position not to provide a certified copy. They feel by law that they are not required to.
I continued the matter one week until today to give a decision on what I'm going to do regarding that. So what I have here before me today is a support petition. Do you have anything to add, Miss Pac?
MS. PAC: No.
THE COURT: All right. What I have before me today is a support petition brought by the State on behalf of the petitioner. She apparently was a recipient of state assistance. Neither the petitioner nor the defendant has appeared. The State has moved, orally, for default and is seeking an order for child support.
The Court has indicated previously to the Assistant Attorney General that the State needs to provide a certified copy of the acknowledgment of paternity in order to proceed to a default judgement.
The Assistant Attorney General has indicated that the Attorney General's office policy is to not provide such certified copies. The State alleges in its petition that the defendant signed an acknowledgment of paternity pursuant to Connecticut General Statutes. Section 46b-172.
There purports to be one in the file, an acknowledgment of paternity, but it's not a certified copy. And, in fact, it's not a — it's a legible copy, but it's not the best of quality.
But certainly, it is not a certified copy. Prior to July 1999, 46b-72
subsection a, provided that in lieu of paternity proceedings, a putative father may sign and have sworn a written acknowledgment of paternity which would be filed in the Superior Court.
Upon filing, it would have the same force an effect of the judgment of the Court. Additionally, the putative father can rescind the CT Page 16933-o acknowledgment within 60 days. The legislature amended the statute by Public Act 99-193, subsection 7.
The statute now provides that in lieu of paternity proceedings, a putative father may sign and have sworn a written acknowledgment of paternity. The signing of which has the same force and effect of a judgment.
The requirement that the acknowledgment be filed with the Court was eliminated from the statute. Instead, the legislature now requires that the acknowledgment be filed and kept in a registry maintained by the Department of Health, pursuant to Connecticut General Statute Section19a-42a.
The Court's requiring a certified copy of the judgement or acknowledgment is not without precedent. Since the statute now provides that the acknowledgment be filed with the Department of Health, it becomes a public record.
In order for evidence of public records to be admissible a, quote, properly certified reproduction, end of quote, of the public record must be produced. For that cite, see Connecticut General Statutes Section 1-7.
And in order to enforce a foreign judgement, that is: Any judgement, decree, or order of a Court of the United States, or any other Court which is entitled to full faith and credit in this state, a creditor is required to file a certified copy of the foreign judgement in the court in which enforcement of such judgement is sought. The cite on that is Connecticut General Statutes Section 52-605.
In order to enforce a foreign paternity judgement, a certified copy of that judgement must be filed in the registry maintained by the Support Enforcement Division prior to any enforcement. And the cite on that statute is Connecticut General Statutes Section 46b-179.
A registration of any foreign support order requires a certified copy of the order, and that's Connecticut General Statutes Section 46b-213h.
An enforcement of a foreign matrimonial judgement requires a certified copy of the matrimonial judgement. That's Connecticut General Statutes Section 46b-71.
Now, the State apparently believes that because the defendant fails to appear, it need not present any evidence. A default, merely, precludes the CT Page 16933-p defendant from raising a defense.
Evidence still needs to be presented to show the existence and nature of a claim or the res (spelled R-E-S.) See Practice Book Section 17-33.
Now, the failure to present any evidence would be akin to a divorce proceeding to a judgement without testimony from either party. Further, the fact that the statute allows a defendant father to rescind the acknowledgment within 60 days is troubling to the Court.
In that respect, how would the Court know whether, one, did the father, in fact, sign the acknowledgment? And two, did the father rescind the acknowledgment? Without certified copies, the Court is left to rely on hearsay statements of an Assistant Attorney General.
Now, if this Court were not to have a certified copy of the paternity judgement or acknowledgment, then constitutional issues are raised. This Court cannot fathom any other procedure whereby the actions of an individual alone would result in a judgement without some court action now provided for in Connecticut General Statutes Section 46b-172.
In the case State v. Clemente, that's found at 166 Conn. 501 at page 509 — that case states, quote, the judicial power includes such power as Courts under the English and American systems of Jurisprudence have always exercised in legal and equitable actions. The most basic power is the function of rendering judgement in cases before the court.
An act of the legislature which opens or vacates a judgement is void because it would invade the judicial prerogative. The judgement is the final and supreme act of judicial power. The legislature cannot overturn judgements anymore than a judiciary can make laws.
It is the province of the Legislative Department to define rights and prescribe remedies; of the judicial to construe legislative enactments determine of the rights secured thereby, and apply the remedies prescribed, that's end of quote.
Yet there are activities in which one more branch of government may participate, the Executive, Legislative, and Judicial powers of necessity, overlap each other. However, under Separation of Powers Doctrine, a statute will be declared unconstitutional if it confers one branch of government the duties which belong exclusively to another branch, or if it confers the duties of one branch of government on another branch which duties significantly interfere with the orderly CT Page 16933-q performance of the latter's essential functions. That is a cite taken from University of Connecticut Chapter, AAUP v. Governor, 200 Conn. 386 at page 394. Now, in the situation before us with this case today, Citron v Valentin, requiring the filing of an acknowledgments with the Department of Health, the legislature conferred on the executive branch the custodial duty of acknowledgments which by statute are court judgements.
While that arguably is permissible under Separation of Powers Doctrine, a failure of the executive branch to provide a certified copy of that judgement to the Court when the Court is solely empowered to enforce the judgement, would be a significant interference with the judicial function.
Therefore, it is this Court's decision that in order for a default judgement to enter on a support petition, a certified copy of the acknowledgment must be filed with the court. The State has chosen not to file a certified copy of the acknowledgment.
Because the State has failed to show that the defendant is the father of the child and thereby charged with support and maintenance of the child, they failed to make out a prima facie case. And therefore, the support petition is denied, and the Attorney General may have an exception.
MS. PAC: Thank you.
THE COURT: All right.
 CERTIFICATION
I hereby certify that the foregoing is a true and accurate transcript of the stenographic notes, to the best of my ability, in the aforementioned matter, heard before the Family Support Magistrate Paul Matasavage, in the New Britain Superior Court, Connecticut on the 14th day of December 1999.
Dated at New Britain, Connecticut this 17th day of December 1999.